IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AARON MITCHELL                                                                                          PLAINTIFF

v.                                         Civil No. 4:20-cv-04111

WARDEN JEFFIE WALKER; GOLDEN ADAMS;
STEVEN KING, R.N.; and JACKIE RUNION                                         DEFENDANTS

**<u>ORDER</u>**

Plaintiff, Aaron Mitchell, filed this 42 U.S.C. § 1983 action *pro se* on December 22, 2020. (ECF No. 1).  His application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). On February 10, 2021, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 11). Before the Court is Plaintiff's failure to comply with orders of the Court.

On October 19, 2021, Defendant King filed a Motion for Summary Judgment. (ECF No. 17). The following day the Court ordered Plaintiff to file a Response to the motion by November 10, 2021. (ECF No. 21). On October 25, 2021, Defendants Adams, Runion, and Walker filed a Motion for Summary Judgment. (ECF No. 22). That same day the Court ordered Plaintiff to file a Response to the motion by November 15, 2021. (ECF No. 26). The orders informed Plaintiff that failure to timely and properly comply with the orders would result in the case being dismissed without prejudice. Plaintiff did not file Responses to either summary judgment motion and the orders directing him to do so were not returned to the Court as undeliverable.

On November 12 and 16, 2021, the Court entered orders directing Plaintiff to show cause by November 29 and November 30, 2021, as to why he failed to comply with the Court's orders directing him to file responses to Defendants' summary judgment motions. (ECF Nos. 27, 28).

1

The orders also informed Plaintiff that failure to comply would result in this case being dismissed. To date Plaintiff has not responded to either of the show cause orders and the orders have not been returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey numerous orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds this case should be dismissed.

Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 8th day of December 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE